Scanned and Emailed
Osborn C.I.
# of pages 6
Date 3/3/20 Initials AC

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Terrance Tyson, | : | Case No.: _____ |
|     Plaintiff, | : | |
| V. | : | |
| Nurse Juliet | : | Jury Trail Demand |
|     Defendant. | : | March 3, 2020 |

## Complaint

1) This is a civil rights action alleging violation of the plaintiff's federal constitutional rights as guaranteed by the Eighth and Fourteenth Amendment to th U.S. Constitution. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to remedy acts of deliberate indiffernce to his health and saftey perpetrated against him by the defendant named above. As a result of the actions of the defendant named above, the plaintiff suffered physical injuries to his person and mental anguish.

2) The plaintiff alleges that the deprovations and violations of his constitutional rights were carried out pursuant to rules, policies, practices, and procedures of the defendant who at all times relevant to this complaint, were acting under color of state law.

3) The defendant is sued in thier individual capacity as employees of the Department of Correction.

4) Jurisdiction of this court arises under 28 U.S.C.§§ 1331, 1343(a) and 1367(a); 42 U.S.C. § 1983, 1985, 1986 and 1988.

5) The plaintiff has exhausted his adimistrative remedies in accordance with 42 U.S.C. § 1997(a) and (e).

6) The plaintiff, Terrance Tyson, is an adult resident of the

State of Connecticut. At all times relevant to this complaint was a sentenced inmate committed to the care of the Department of Correction and housed at Osbonr C.I. Henseforth known as (OCI), where the plaintiff is currently incarcerated at 335 Bilton Road, Somers, CT 06071 P.O. BOX 100.

7) Defendant Juliet was at all times relevant to this acomplaint, a medical nurse employeed through the Department of Correction and assigned to Osborn C.I. As a nurse the defendant was responsible for overseeing and administering medical care to inmates in accordance with acceptable standards of practice govnering the medical profession.

8) The defendant is being sued in the individual capacity.

9) On or about 7/17/19, the plaintiff, went to medical to get his insulin. While at medical he spoke with the defendant about an abscess developing on his back and was quite painful.

10) Plaintiff was immediately reffered to a APRN on site and was seen by APRN Scott where the plaintiff was examined, assesed and perscribed antibiotics for the infection and motrin for the pain.

11) Plaintiff was told if he had any further complications ask to be seen by medical.

12) On or about 7/21/19 at approximately 12am the abscess began to rupture. The plaintiff informed this to the unit officer who immediately contacted medical to his regards. The officer returned to the plaintiff's cell and tols him the nurse said she wouldn't see him unless he agreed to pay $3.00 or she wouldn't see plaintiff.

13) Plaintiff attempted to explain that this medical issue was a follow-up issue after having been seen by the APRN, but to no avail. Defendant insisted in $3.00 or wouldn't see plaintiff.

2

14) Plaintiff subsequently agreed to the $3.00 so he can be seen by medical; however, when the plaintiff got there defendant looked at plaintiff's back, took a piece of gauze, wiped plaintiff's back then told him to sign paper (form for $3.00.)

15) Plaintiff again attempted to explain that this was a follow-up where $3.00 is not required to be paid, informed the defendant that she did not take any of his vitals and that he felt feverish, chills, and nauseated, then turned backside to plaintiff, told him there wasn't anything wrong with him, that he didn't need to sign the $3.00 fee form. It was still taken off his account then instructed him to leave the medical unit.

16) Approximately 3:30P.M. when released to medical for diabetic insulin plaintiff spoke and complained his plight to a second nusre and stressed to this nurse that the pain and symptoms as enumerated herein complaint has exacerbated, and that he felt dire need for medical attention, and that motrins were not helping the emense pain he was experiencing due to the additionally suffering.

17) After being throughly evaluated (finally) and with a 102 temperature, plaintiff had to be taken to UCONN medical center and remained there from 7-21-19 through 7-23-19 with acute symptoms and pain described herein and had to subsquently undergo suregery on his back.

18) Defendant was deliberately indiffernt to the plaintiff's serious medical need in violation of the Eighth Amendment to the U.S. Constitution.

19) Due to defendant Juliet's deliberate indiffernce the plaitniff suffered in extreme pain and agony including mental anguish that he was to be left for dead as a result was forced to undergo surgery

that was otherwise completely avoidable had he been provided the proper medical treatment.

20) The acts and ommissions of defendant Juliet was the direct casal of plaintiff pain, suffering, mental anguish and subsquent surgery as described herein complaint.

21) The symptoms the plaintiff indured included, throbbing pain of the afflicted area, after the suergey the plaintiff had suffered from nueropathy of the afflicted area that subsquently spread to his upper and lower extremities, pins and neddles, firey, icy burning sensenations that continue to this present day. The afflicted area still throbbs with pain with every heart beat and is intensely petrafied of his future health as a result of how his health was handled in this situation which has resulted in sleepless nights, nightmares, and PTSD whenever he is to be rendured medical care by individuals from the medical department of OSborn C.I. To date, the plaintiff has still continued to complain of pain in the area of an extreme degree and has been provided inadequate means of abating that pain, as no pain medication has been provided that offers any kind or form of reasonable relief from his long lasting affects of severe nerve damage, this has affected his daily lifestyle, impact the ability of his work load and out put due to the severe and extreme pain still suffering from to this very date and has shown no signs of abatment since the absescesses development and the subsequent inadequate treatment and exacerbation requring surgery to which further pain resulted in the lag in treatment and surgery due to defendants deliberate indifference.

22) Pursuant to 28 U.S.C. §1746 I declare under penalty of perjury that the foregoing is true and correct.
SIGNATURE: _____
Terrance Tyson

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court Award him:

A. Compensatory damages in an amount this Court shall consider to be fair and just;

B. Puntative Damages in an amount this Court shall consider to be fair and just;

C. Other such relief as this Court shall Consider fair and just and equitable.

Respectfully Submitted,

_____
Terrance Tyson #147990
Osborn C.I.
P.O. BOX 100
SOMERS, CT 06071

## CERTIFICATION OF INMATE ACCOUNT BALANCE

**WARNING: You MUST show this application to the Inmate Trust Fund Department or your prison counselor so that they can read page 4 and sign this section.**

Your name:
Your inmate number:
DOC facility where you are detained:

I, _Torres_, counselor/employee of the Connecticut Department of Correction Inmate Trust Fund, certify that the applicant named herein has the sum of $ _24.28_ on account.

I further certify that, according to the records of the institution, the applicant's average balance for the last six months was $ _$50.00_ and the average monthly deposits during the same period were $ _$50.00_.

A certified copy of the applicant's trust fund statement for the last six (6) months is attached.

Signed: _____
(Inmate Trust Fund Officer or Prison Counselor)

Name & Rank: _CCT_

Date: _11/14/_, 20_19_

5